UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BENJAMIN MILLER, individually
and on behalf of all
other similarly situated individuals,

    Plaintiffs,

v.

MEIJER GREAT LAKES LIMITED
PARTNERSHIP,

    Defendant.

Case No. 21-cv-11207

Hon.

_____

Noah S. Hurwitz (P74063)
NACHTLAW, P.C.
Attorneys for Plaintiff
101 N. Main Street, Ste. 555
Ann Arbor, MI 48104
(734) 663-7550
nhurwitz@nachtlaw.com

_____

There is no other pending or resolved civil action arising out
of this transaction or occurrence alleged in the complaint.

**COMPLAINT AND JURY DEMAND**

    Plaintiff, Benjamin Miller, by and through his attorneys, NACHTLAW, P.C., hereby allege as follows:

**INTRODUCTION**

    1.    This is an action for money damages, liquidated damages, costs, attorneys' fees and other relief as a result of Defendant Meijer Great Lakes Limited

Partnership (hereinafter referred to as "Defendant") instituting a policy requiring employees to clock out and forego compensable work hours for breaks of twenty minutes or less that should be included in the sum of hours worked for purposes of calculating overtime in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*. This action is brought pursuant to the opt-in collective action provisions of the Fair Labor Standards Act under 29 U.S.C. § 216(b), sometimes referred to as an "opt-in" class action.

## PARTIES AND JURISDICTION

2. Plaintiff Benjamin Miller is an individual residing in Jackson, Michigan, which is located in Jackson County.

3. Defendant Meijer is a company with its registered business address in Lambertville, Michigan, which is located in Monroe County.

4. This Court has general federal question jurisdiction pursuant to 28 U.S.C. § 1331, because Plaintiff brings his claim pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*.

5. Venue is proper in this Court because Defendant's registered business address is located in a County that is within the Eastern District of Michigan and Plaintiff resides in a County that is within the Eastern District of Michigan.

## GENERAL ALLEGATIONS

6. Defendant is a for-profit company that operates a large chain of grocery stores.

7. At all times relevant to this Complaint, Defendant was Plaintiff's employer.

8. At all times relevant to this Complaint, Defendant has been, and continues to be, an employer engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 203.

9. Plaintiff brings this action on his own behalf and on behalf of all other similarly situated employees of Defendant, present and former, who were and/or are affected by the actions, pay schemes, policies and procedures of any of Defendant's stores.

10. In addition, Plaintiff brings this action in his individual capacity, separate and apart from the class and/or collective action claims set forth herein.

11. At all times relevant to this Complaint, Plaintiff and other similarly situated individuals were employees designated as non-exempt from overtime pay.

12. At all times relevant to this Complaint, Defendant instituted a policy requiring employees to clock out and forego compensable work hours for breaks of twenty (20) minutes or less that should be included in the sum of hours worked for purposes of calculating overtime wages.

13. At all times relevant to this Complaint, Defendant applied its policy and practice of not paying compensation to employees who took breaks for twenty (20) minutes or less to all non-exempt employees in the same manner.

14. Defendant's policy of requiring employees to clock out and forego compensable work hours for breaks of twenty (20) minutes or less deprived Plaintiff and similarly situated employees of overtime pay in the amount of one and a half times the regular rate of pay.

15. As a result of requiring employees to clock out and forego compensable work hours for breaks of twenty (20) minutes or less, Defendant's employees were and/or are unlawfully deprived of overtime compensation for all hours worked in excess of forty (40) per week.

16. With respect to the collective action claims under the FLSA, the collective action class is defined as all current and former employees of Defendant who were required to clock out and forego compensable work hours for breaks of twenty (20) minutes or less at any time from three (3) years preceding the filing of this lawsuit through the culmination of this litigation at any of Defendant's stores. Plaintiff reserves the right to amend said class definition consistent with information obtained through discovery.

**COUNT I**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT ON BEHALF OF PLAINTIFF, INDIVIDUALLY, AND ON BEHALF OF ALL OTHER SIMILARLY SITUATED EMPLOYEES, CURRENT AND FORMER**

17. Plaintiff incorporates all proceeding paragraphs above as though fully stated herein.

18. At all times relevant to this action, Plaintiff and similarly situated employees of Defendant were employees within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*

19. At all times relevant to this action, Defendant was the employer of Plaintiff and similarly situated employees of Defendant within the meaning of the FLSA.

20. In violation of the FLSA, Defendant failed to pay Plaintiff and other similarly situated employees of Defendant for proper overtime compensation for hours worked in excess of forty (40) per week.

21. Plaintiff and others similarly situated were required to clock out for rest breaks of 20 minutes or less; and upon information and belief, such time was unpaid.

22. The FLSA requires employers to pay employees for short rest breaks of 20 minutes or less.

23. The unpaid time resulting from off-the-clock unpaid rest breaks of 20 minutes or less is more than *de minimis*, and consistently resulted in underpayment to Plaintiff and those similarly situated employees of Defendant.

24. Plaintiff and other similarly situated employees, as full-time employees,

regularly worked forty (40) or more hours in a workweek during the time relevant to this Complaint, starting three (3) years preceding its filing.

25. Plaintiff and other similarly situated employees were not paid for all time worked.

26. As a result of Plaintiff and other similarly situated employees were not being paid for all hours worked; and Plaintiff and other similarly situated employees were not paid overtime compensation for all of the hours worked over forty (40) hours each workweek.

27. Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA. For example, supervisors and managers knew of the unpaid compensable work as described herein.

28. Additionally, because this compensable work occurred off-the-clock, Defendant failed to make, keep, and preserve records of the required and unpaid work performed by Plaintiff and other similarly situated employees of Defendant.

29. Defendant's failure to pay Plaintiff and those similarly situated for the activities described herein resulted in Plaintiff and those similarly situated being denied overtime compensation.

30. Defendant's policy and practice of failing and refusing to pay Plaintiffs and all other similarly situated employees for all hours worked violates the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*.

31. Defendant's conduct in this regard was a willful violation of the FLSA.

32. As a result of Defendant's unlawful acts, Plaintiff and all other similarly situated current and former employees are being deprived of earned wages in amounts to be determined at trial. They are entitled to compensation for unpaid overtime wages, interest, liquidated damages, attorneys' fees and costs, and any other remedies available at law or in equity.

## **DEMAND FOR RELIEF**

WHEREFORE, Plaintiff claims individually and on behalf of all other similarly situated employees of Defendant, the following:

a. Designation of this action as a collective action pursuant to the FLSA and prompt issuance of notice pursuant to 29 U.S.C. § 216(b);

b. An award of unpaid overtime wages under the FLSA;

c. An award of liquidated damages under the FLSA;

d. Interest;

e. Attorneys' fees and costs under the FLSA; and

f. Such other relief as in law or equity may pertain.

    Respectfully Submitted,
    NACHTLAW, P.C.

    /s/ *Noah S. Hurwitz*
    Noah S. Hurwitz (P74063)
    Attorneys for Plaintiff
    101 N. Main Street, Suite 555

                                                                                     Ann Arbor, MI 48104
                                                                                     (734) 663-7550

Dated: May 24, 2021

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BENJAMIN MILLER, individually
and on behalf of all
other similarly situated individuals,            Case No.21-cv-11207

    Plaintiffs,                                                        Hon.

v.

MEIJER GREAT LAKES LIMITED
PARTNERSHIP,

    Defendant.

_____

Noah S. Hurwitz (P74063)
NACHTLAW, P.C.
Attorneys for Plaintiff
101 N. Main Street, Ste. 555
Ann Arbor, MI 48104
(734) 663-7550
nhurwitz@nachtlaw.com

_____

## **DEMAND FOR TRIAL BY JURY**

NOW COMES Plaintiff Benjamin Miller, by and through his attorneys, NachtLaw, P.C., hereby demands a jury trial in the above-captioned matter for all issues so triable.

9

                                      Respectfully Submitted,

                                      NACHTLAW, P.C.

                                      /s/ *Noah S. Hurwitz*
                                      Noah S. Hurwitz (P74063)
                                      Attorneys for Plaintiffs
                                      101 N. Main Street, Suite 555
                                      Ann Arbor, MI 48104
                                      (734) 663-7550

Dated: May 24, 2021